IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDOLPH AYERS,<br><br>         Plaintiff,<br><br>    v.<br><br>WARREN COLLINS, et al.,<br><br>         Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-5641 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

   This matter is before the Court on Plaintiff Randolph Ayers' unopposed motion to enforce settlement. Plaintiff presents uncontradicted evidence of an agreement between himself and all the remaining Defendants in this action to settle the matter for $80,000, but that the Defendants have failed to abide by their agreement and have failed to pay the agreed-upon amount. [Docket Item 18.] THE COURT FINDS AS FOLLOWS:

   1. Plaintiff filed his Complaint in this action on September 28, 2011. [Docket Item 1.] The Complaint names as Defendants Weichert Realtors and Weichert-Mullica Hill (hereinafter the "Weichert Defendants") and the additional Defendants including Warren Collins, Cross Keys Road Development Associates LLC, Michael Deangelis, Dana D. Dolson, H.M. Deangelis Company, and Michael Rigolizzo (the "remaining Defendants").

   2. On February 16, 2012, counsel for the Weichert Defendants notified the Court that Plaintiff had settled the

matter as between himself and the Weichert Defendants.  [Docket Item 15.]  Consequently, the Court dismissed the action as to the Weichert Defendants.  [Docket Item 17.]

3.  In March of 2012, Plaintiff's counsel, Thomas E. Kopil, Esq., reached an agreement with Alan C. Milstein, Esq., counsel for the remaining Defendants, to settle the matter as between them in which, inter alia, the remaining Defendants would pay Plaintiff $80,000 in exchange for a release by the Plaintiff.  The agreement was reduced to writing by counsel for Defendants, and Plaintiff executed the release on March 29, 2012, returning a signed copy to counsel for Defendants to sign and return.  Mot. to Enforce, Ex. A.  The parties had agreed that, upon executing a signed release, Defendants would issue payment to Plaintiff within 20 days.  Id.

4.  Over the next two months, the remaining Defendants failed to issue Plaintiff a check in the agreed-upon amount.  Mot. to Enforce, Exs. F-K.  By May 14, 2012, all remaining Defendants had signed the agreement and release, in which they all agreed to pay Plaintiff $80,000 in exchange for his release of claims against Defendants.  Id. at Ex. I.  To date, no payment has been made.

5.  Plaintiff now moves for an order enforcing the terms of the settlement, compelling the remaining Defendants to pay Plaintiff the agreed-upon sum of $80,000.  Plaintiff additionally

requests that the Court order Defendants to reimburse Plaintiff costs and attorney fees incurred in efforts to enforce the settlement.  Indeed, Mr. Kopil had put Mr. Milstein's paralegal, Carol Semel, on notice that if payment was not received before Memorial Day, Mr. Kopil would be filing a motion to compel "and would seek fees and costs."  Motion ¶ 16.

  6.  "An agreement to settle a law suit, voluntarily entered into, is binding upon the parties. . . ."  <u>Green v. John H. Lewis & Co.</u>, 436 F.2d 389, 390 (3d Cir. 1970).  In New Jersey, a settlement agreement between parties to a lawsuit is a binding legal contract.  <u>Nolan v. Lee Ho.</u>, 120 N.J. 465, 472 (1990).  As such, the Court looks to principles of New Jersey contract law in determining whether the settlement agreement is valid and binding in this matter.  New Jersey law recognizes an enforceable contract where the parties agree on essential terms of the agreement and manifest an intention to be bound by those terms, and where the terms of the agreement are sufficiently definite that each party's obligations can be ascertained with reasonable certainty.  <u>Weichert Co. Realtors v. Ryan</u>, 128 N.J. 427, 435 (1992).

  7.  Here, the undisputed record demonstrates that Plaintiff and the remaining Defendants reached an agreement on the essential terms of the settlement, and reduced the terms of that agreement to a writing, to which all remaining parties to this

action agreed, and that the terms of that agreement are definite such that each party's obligations can be ascertained with certainty.  The Court finds that the remaining Defendants entered into the settlement agreement voluntarily and of their own free will, under no threat or coercion.  The Court therefore finds no reason why the settlement should not be enforced and will grant Plaintiff's motion to enforce the settlement.

8.  The Court is also persuaded to grant Plaintiff reasonable attorneys' fees incurred by seeking to finalize and enforce the settlement agreement since April 30, 2012.  This Court has the "inherent authority to impose sanctions upon those who would abuse the judicial process." <u>Republic of the Philippines v. Westinghouse Elec.</u>, 43 F.3d 65, 73 (3d Cir. 1994). These powers derive from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (internal citations and quotation marks omitted).  The "very potency" of these powers, however, necessitates that they "be exercised with restraint and discretion." <u>Chambers</u>, 501 U.S. at 44.  Accordingly, the Third Circuit has provided that the sanctioning court "must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm

4

identified." <u>Republic of the Philippines</u>, 43 F.3d at 74. The remaining Defendants have had an opportunity to be heard upon this proposed sanction and they have submitted no opposition.

9. The undisputed record before the Court reflects that the remaining Defendants have unduly delayed the consummation of the settlement agreement, defaulted on their obligations under the agreement, and failed, even after the filing of the motion to compel, to comply with the settlement or otherwise to file opposition to the motion, thereby needlessly requiring the Court's attention. The Court is satisfied that reasonable attorneys' fees, limited to Plaintiff's efforts to enforce the settlement agreement incurred after April 30, 2012, would properly redress the burden incurred by Plaintiff because of Defendants' misconduct. Plaintiff will have 14 days from the entry of the accompanying Order to submit descriptive time entries, hourly rates, and supporting documentation from Plaintiff's counsel's billing records, consistent with Local Civil Rule 54.2 relating to the reasonable attorneys' fees and costs it has incurred since April 30, 2012, to enforce the settlement agreement.

10. In sum, the Court will grant Plaintiff's motion to enforce the settlement, and order the remaining Defendants to issue payment in the amount of $80,000 within 14 days of the entry of the accompanying Order. The Court will likewise award

reasonable attorneys' fees incurred by Plaintiff in seeking enforcement of the settlement agreement, upon counsel for Plaintiff's filing his affidavit of fees and services under Local Civil Rule 54.2 as described above.  Defendants will have seven days thereafter to submit any opposition as to the amount of such costs and fees.

    11.  Finally, as enforcement of the settlement agreement appears to resolve all matters of controversy between the parties in this action, the Court will further order that the matter be dismissed.  The Court retains jurisdiction to enforce this Order.

    12.  The accompanying Order will be entered.

**July 24, 2012**                    **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                  Chief U.S. District Judge